UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

RICHARD BOOZE                                                                                    PETITIONER

v.                                                                       CIVIL ACTION NO. 3:13-cv-395-CWR-FKB

RONALD KING                                                                                     RESPONDENT

## REPORT AND RECOMMENDATION

This habeas corpus case is before the undersigned for a Report and Recommendation as to the Respondent's Motion to Dismiss pursuant to 28 U.S.C. § 2244(d).  Docket No. 8.  For reasons set out below, the undersigned recommends that the Motion to Dismiss be **granted**.

## FACTS AND PROCEDURAL HISTORY

Following a three day jury trial in the Circuit Court of Pike County, Mississippi, Petitioner was convicted of murder and two counts of aggravated assault. *Booze v. State,* 942 So. 2d 272, 273 (Miss. Ct. App. 2006).[1]  By Order dated February 28, 2005, Petitioner was sentenced to life imprisonment for murder, plus fifteen years on each count of aggravated assault, all to run consecutively.  Docket No. 8-1.

Petitioner appealed and his conviction was affirmed by the Mississippi Court of Appeals. *Booze v. State,* 942 So. 2d 272 (Miss. Ct. App. 2006).  Petitioner did not file a motion for reconsideration, pursuant to M.R.A.P. 40.  Accordingly, his conviction became final when the time expired for further filing after his conviction, or fourteen days after the opinion affirming

---

[1]The underlying facts, as set out in the appellate court opinion, were that the Petitioner felt insulted by the murder victim while visiting the victim's barber shop.  Petitioner went to his vehicle, retrieved a handgun, and shot the murder victim eight times.  Petitioner also shot two other persons in the shop, both of whom survived.  942 So. 2d at 273.

1

his conviction was issued by the Court of Appeals. The opinion was issued on November 14, 2006, so the conviction became final on November 28, 2006.

Petitioner did not file any motion for post-conviction relief in any state court until February 13, 2013.[2] Docket No. 8-3. That motion was dismissed in part and denied in part by the Mississippi Supreme Court by order filed May 14, 2013. Docket No. 8-4. Petitioner filed the instant Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus on June 19, 2013, pursuant to the "mailbox rule."[3] Docket No. 1. Respondent has moved to dismiss the Petition as barred by the applicable one year statute of limitations, and Petitioner has responded to the motion. Docket Nos. 8-11.

## DISCUSSION

Respondent cites 28 U.S.C. § 2244(d) as the basis for its motion. As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Section 2244(d) reads as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

---

[2] Petitioner asserts that he first filed a motion for post-conviction relief on December 19, 2012. Docket No. 1 at 4. The docket sheet for the state court action submitted by Petitioner, however, does not reflect any such filing. Docket No. 11 at 21. The docket sheet does reflect that Petitioner wrote two letters to the trial court clerk during the one year between November 28, 2006, and November 28, 2007, but copies of those letters have not been provided to the Court. *Id.*

[3] "For pleadings submitted by prisoners acting *pro se*, the Fifth Circuit has recognized that a 'mailbox rule' applies and that the date when prison officials receive the pleading from the plaintiff for delivery to the court is considered the time of filing for limitations purposes. *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). It may reasonably be inferred that a prisoner delivered his petition to the prison officials for mailing on the date he signed it. *See United States v. O'Kaine*, 971 F.Supp. 1479, 1480 (S.D. Ga. 1997)." *Punch v. State of Louisiana*, 1999 WL 562729, *2 n.3 (E.D. La. July 29, 1999)(unpublished).

>  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1996).

Because Booze filed for habeas relief after April 24, 1996, the effective date of the AEDPA, the Act's provisions are applicable to his petition.  Asserting that the Petition does not fall into any of the categories listed in § 2244(d)(1)(B)-(D), Respondent argues that it is untimely.  According to Respondent, Petitioner had until November 28, 2007, to timely file his petition in this Court, and, instead, he filed it on June 19, 2013, approximately five and one-half years late.  Respondent also argues that the petition for post-conviction relief filed in state court was not filed prior to the expiration of the one-year limitation period under 28 U.S.C. § 2244(d)(1)(A), and therefore, that  pleading did not toll the limitation period pursuant to 28 U.S.C. § 2244(d)(2).

The petition form utilized by Petitioner requires an explanation in the event a petition is filed more than a year after the conviction at issue became final.  In that section of the form filed in this case, Petitioner stated: "I had to learn to write.  I suffer from ADHD, and after my public

3

defender filed my direct appeal, I was on my own.  Years later I got help from a [sic] inmate writ writer/jailhouse lawyer." Docket No. 1 at 14.  In response to the Motion to Dismiss, however, Petitioner argues that because his Petition was filed within one year of the Mississippi Supreme Court's May 13, 2013, ruling on his motion for post-conviction relief, the instant Petition was timely.

Since his motion for post-conviction relief filed in state court contained a claim that Petitioner's sentence was illegal, a claim which must be considered by the state court at any time, *see* Docket No. 8-4 at 1-2, Petitioner's motion may have been properly filed for state law purposes.  28 U.S.C. § 2244(d)(2).  However, even if it was, that motion was only pending for three months, or six months at the outside if Petitioner's claim that he filed in December, 2012, is taken as true.  Since Petitioner was five and one half years too late, subtracting six months from the total does not save his Petition.  The federal statute of limitations which governs this case does not begin to run one year from the time any post-conviction motion is decided, but one year from the date conviction is final.  28 U.S.C. § 2244(d)(1)-(2).  Petitioner filed in this Court years too late.  *See Richards v. Thaler*, 710 F.3d 573 (5th Cir. 2013)(when federal habeas petitioner files state post-conviction motion after time for filing federal habeas petition has lapsed, state court petition does not toll federal habeas limitation period).

The Court agrees with Respondent that Petitioner has not presented "rare and exceptional" circumstances warranting a tolling of the limitations period.  *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)(for equitable tolling to apply, Petitioner must prove that he has been pursuing his rights diligently, and that some extraordinary circumstance stood in his way); *Felder v. Johnson*, 204 F. 3d 168, 170-71 (5th Cir. 2000); *Davis v. Johnson*, 158 F.3d 806,

4

811 (5th Cir. 1998)(AEDPA may be equitably tolled, albeit only in "rare and exceptional circumstances"). Though Petitioner asserts that he was illiterate and has ADHD, he states that he ultimately obtained the services of a "writ writer/jailhouse lawyer" years after his conviction. Petitioner offers no reason for not having done so earlier. Moreover, Respondent has submitted the affidavit of the Director of the Inmate Legal Assistance Program for the Mississippi Department of Corrections, which states, *inter alia*, that "illiterate inmates are given particular attention in explaining the court process, determining at what stage they are in their appeals, post conviction, etc., and assisting them in the drafting of their pleadings. ILAP will thoroughly interview the inmate, determine what he believes are his grounds and will draft the pleadings according to his wishes." Docket No. 8-5 at 3. Petitioner has not presented any reason he was unable to pursue his Petition in a timely manner.

## CONCLUSION

For the reasons stated above, Respondent's motion to dismiss should be **granted,** and this case should be dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. §636.

RESPECTFULLY SUBMITTED this the 20th day of September, 2013.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE